UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/19/2023
```

------------------------------------------------------------------ X
                                     :

UNITED STATES OF AMERICA,        :
                                     :

                     Plaintiff,    :           1:22-cr-398-GHW-2
                                     :

               -v -           :            <u>ORDER</u>
                                     :

SRINIVASA KAKKERA,           :
                                     :

                    Defendant.    :
                                     :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

       For the reasons provided (and to the extent provided) at the July 19, 2023 conference,

Defendant's motion for a bill of particulars is GRANTED IN PART.  In addition, the Government

must provide early notice of its Rule 404(b) evidence as further described at the July 19, 2023

conference.  For the reasons provided at that same conference, Defendant's motions to suppress

historical cell site date, to dismiss count fourteen of the indictment, and to compel disclosure of

exculpatory evidence are otherwise DENIED.

       In addition, the parties' joint request to seal certain exhibits to Mr. Kakkera's motion to

compel, *see* Dkt. No. 78, is GRANTED.  There is a long-established "general presumption in favor

of public access to judicial documents."  *Collado v. City of New York*, 193 F. Supp. 3d 286, 288

(S.D.N.Y. 2016).  The Second Circuit has defined "judicial documents" as documents filed with a

court that are "'relevant to the performance of the judicial function and useful in the judicial

process.'"  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v.*

*Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)); *see also Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 620–

621 (S.D.N.Y. 2011).  The presumption of access is "based on the need for federal courts to have a

measure of accountability and for the public to have confidence in the administration of justice."

*Amodeo*, 71 F.3d at 1048.

Therefore, motions to seal documents must be "carefully and skeptically review[ed] . . . to insure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures*, 21 F.3d 24, 27 (2d Cir. 1994). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120. Higher values that may justify the sealing of documents include national security concerns, attorney-client privilege, law enforcement interests, or the privacy interests of third-parties. *See E.E.O.C. v. Kelley Drye & Warren LLP,* 2012 WL 691545, at *2 (S.D.N.Y. 2012) (collecting cases).

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). Additionally, the Supreme Court has explained that "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) (citations omitted).

In *Mirlis v. Greer*, the Second Circuit summarized the three-steps that the Court should follow to determine whether the presumption of public access attaches to a particular document and bars disclosure. 952 F.3d 51 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document"—"one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 59 (internal quotation marks omitted). Second, the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id.* (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those

monitoring the federal courts.'"  *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).  "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access."  *Id.*

Here, the parties seek to seal—as exhibits to Defendant's motion to compel—a "Chronology Response Report" filed as a responsive submission to a request from the Financial Industry Regulatory Authority ("FINRA"), and correspondence between a third party and FINRA indicating information about when certain individuals became aware of a potential transaction at issue in this case.  *See* Dkt. No. 76 at 4–5.

These exhibits may properly be sealed under Second Circuit precedent.  These are judicial documents, because they were "placed before the court by the parties" and are "relevant to the performance of the judicial function and useful in the judicial process."  *Merlis*, 952 F.3d at 59.  But the weight of the presumption as to them is extraordinarily low.  The Court's decision concerning Defendant's motion do compel did not need to rely on these documents, and so the "role of the material at issue in the exercise of Article II judicial power and the resultant value of such information to those monitoring the federal courts" is virtually nil.  *Id.*  Finally, there is a factor that "legitimately counsel[s] against disclosure of the judicial document":  third-party privacy interests. As the Government represents, and the Court confirms having examined the documents, the relevant documents "contain personal information about uncharged individuals which . . . should remain under seal."  Dkt. No. 78; *see United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (recognizing third-party privacy interests as a legitimate factor counseling against public access to a document).  Weighed against the low weight of the presumption as to these documents, the Court finds that these documents may properly be sealed.

While the Court therefore finds that the parties' motion to seal may be granted, two final

points are worth emphasizing.  First, in granting the parties' motions to seal, the Court relies on

Second Circuit precedent as applied to these specific requests at this stage of the litigation.  It does

*not* rely on the parties' protective order.  Second, the Court emphasizes that its sealing

determinations are made only with respect to the information at issue at this stage of the case and on

this record.

Finally, the Court hereby schedules a conference for **August 17, 2023 at 10:00 a.m.**  At this

conference, the Court would expect to resolve, if necessary, Defendant's motion for severance.  *See*

Dkt. No. 69.  The conference will be held in Courtroom 12C of the United States District Court for

the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street,

New York, New York, 10007.

The Clerk of Court is directed to terminate the motions pending at Dkt. No. 66, Dkt. No.

71, Dkt. No. 73, Dkt. No. 75, and Dkt. No. 78.

SO ORDERED.

Dated: July 19, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge